## THE VILLAGE OF MARSEILLES
### v.
### JACOB KINER.

*Municipal Corporations—Corporate Limits—Navigable Rivers.*

The corporate limits of a village, bounded by a navigable river, extend to the middle of the stream.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. BIRD BICKFORD, for appellant.

Messrs. BREWER & STRAWN, for appellee.

We contend that the limits of the village extend to the middle of the stream, there being nothing in the description which limits the boundary line to the bank. We think this point has been so often decided by the Supreme Court of this State that it is immaterial what the decisions may be elsewhere. That such descriptions carry the boundary to the center of the stream is held in Village of Marseilles v. Howland, 23 Ill. App. 101; Village of Marseilles v. Howland, 124 Ill. 547; Village of Brooklyn v. Smith, 104 Ill. 429; Piper v. Connelly, 108 Ill. 646; Braxon v. Bressler, 64 Ill. 488; Cobb v. Lavalle, 89 Ill. 331; C. & P. R. R. Co. v. Stein, 75 Ill. 41; Canal Trustees v. Haven, 11 Ill. 554; City of Chicago v. Laflie, 49 Ill. 172; City of Chicago v. McGinn, 51 Ill. 266; Middleton v. Pritchard, 3 Scam. 510. In Village of Marseilles v. Howland, 23 App. Ct. R. 101, this court say, on page 106:

"The corporate limits of the village, by the terms of its charter and as matter of law, extended to the middle of the Illinois river, as did Main street, formerly Milwaukee street, extend to the borders of the village; that is, to the center of the stream. City of Chicago v. McGinn, 51 Ill. 266; Village

of Brooklyn v. Smith, 104 Ill. 429. The spot where the span of this bridge fell and carried down the appellee was near the north bank of the river and in said Milwaukee or Main street, and within the territorial limits of the village."

UPTON, P. J. This was an action brought by the appellee against the appellant to recover damages occasioned by the falling of the north span of a bridge across the Illinois river adjacent to the village of Marseilles, which is situate upon the north bank of that river, and is claimed to have been within the corporate limits of that village, in consequence of the negligence of the village in not keeping the bridge in a reasonably safe condition for travel. The declaration was in the usual form in case, to which was interposed a plea of the general issue and a special plea in bar, to which last plea a demurrer was filed, which being sustained by the trial court, appellant excepted and abides, etc. The cause was submitted to a jury, which returned a verdict for the appellee in the sum of $155 damages, and the case is now before this court on appeal from a judgment rendered upon that verdict.

It is conceded by appellant's counsel that the abstract contains but a meager skeleton of the testimony heard upon the trial of the cause, but sufficient appears to show—indeed, it stands admitted—that the facts in the case at bar upon which a recovery was had in the court below were the same in substance and effect, if not identical in fact, with those established in the case of The Village of Marseilles v. Howland, which was determined by this court at the December term, 1886, and which will be found reported in 23d Appellate Court Reports, at page 101.

The judgment rendered by this court in that case was afterward taken to the Supreme Court, and the judgment of this court affirmed, and is reported in the 124th Ill. 548, to which we refer for a statement of the particular facts involved.

It is conceded that the appellee with his team was upon the bridge at the same time, and in close proximity to, and fell with Howland into the river, from which the similarity in facts becomes apparent.

The contention in the case at bar is tersely stated by appellant's counsel, as follows:

"The abstract is all-sufficient for the question here involved, to wit:

"Does a village bounded upon a navigable river go, by implication of law, to the center, or does it stop at the shore thereof?"

This precise question was involved and discussed by counsel in the case of Howland v. Marseilles, *supra*, both in this and the Supreme Court, and was expressly determined adversely to the appellant in both courts, and we have neither the time nor inclination to review what we then and now regard as the law of this contention, and more especially so, as that view was expressly affirmed by the Supreme Court;. and the judgment of the court below upon this contention must therefore be affirmed.

*Judgment affirmed.*